**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

SHERI SAWYER, as personal          :
representative of the estate of THOMAS
RANDALL SAWYER, JR.,               :

      Plaintiff,                    :

vs.                                :          CA 21-0128-KD-MU

COOPER TIRE & RUBBER COMPANY, :
etc., et al.,
                                   :
      Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b) and S.D. Ala. GenLR 72(a)(2)(S), on the notice of removal (Doc. 1), Plaintiff's motion to remand (Doc. 8), Defendant Cooper Tire & Rubber Company's ("Cooper Tire") opposition to remand (Doc. 10), and Plaintiff's reply (Doc. 11). Upon consideration of all relevant pleadings, the Magistrate Judge recommends that the Court **GRANT** Plaintiff's motion to remand (Doc. 8) and again **REMAND** this cause to the Circuit Court of Mobile County, Alabama.

## RELEVANT PROCEDURAL HISTORY AND FACTS

These parties are no strangers to this Court. Last year, on April 22, 2020, Cooper Tire removed the civil action filed by Sheri Sawyer in the Circuit Court of Mobile County, Alabama to this Court. In doing so, Cooper Tire argued this Court could exercise 28 U.S.C. § 1332  diversity jurisdiction because there is complete diversity of citizenship

between Plaintiff and Cooper Tire, and Joseph Daniel Coggin's Alabama citizenship should "be disregarded because he was fraudulently joined to defeat federal diversity jurisdiction." *Sawyer v. Cooper Tire & Rubber Company,* Civil Action 20-0234-KD-MU, Doc. 1, PageID. 3.

In remanding this action to the Circuit Court of Mobile County, Alabama, the Court stressed, in relevant measure, that in absence of evidence regarding the circumstances which brought the decedent, Thomas Randall Sawyer, and Coggin together on March 31, 2018 in Coggin's car, the trip's purpose, and the arrangement under which they were riding, the Court could not arrive at a determination that "Thomas Sawyer was a 'guest' in Coggin's car on March 31, 2018, thereby barring Plaintiff's negligence claim against Coggin under Alabama's Guest Statute." *See id.,* Doc. 19, PageID. 261-62. In its remand order, the Court concluded that Cooper Tire had not "shouldered its 'heavy burden' of proving by clear and convincing evidence that there is no possibility that Plaintiff can establish a negligence cause of action against Coggin[,]" *id.,* PageID. 262, and Plaintiff's motion to remand was granted, *compare id.,* PageID. 263 *with* Docs. 20-22.

After engaging in post-remand discovery, Cooper Tire again removed the case to this Court, seemingly confident it could prove by clear and convincing evidence that there is no possibility that Plaintiff can establish a negligence cause of action against Coggin, such that Coggin's citizenship should be ignored, and this Court should exercise diversity jurisdiction over this matter. (*See* Doc. 1). Indeed, Cooper Tire relates that it has received evidence in the form of "other paper," within thirty (30) days of March 22, 2021, the date of removal, "that shows plaintiff's claims against Coggin are

2

barred by the guest statute, that Coggin is therefore fraudulently joined, and that, as a result, this case is removable under 28 U.S.C. § 1446(b)(3)." (Doc. 1, PageID. 2).

Before considering the "new" facts developed in this case, the undersigned first reiterates the facts as found in the previous report and recommendation, to which no objections were interposed. *Sawyer v. Cooper Tire & Rubber Company,* Civil Action 20-0234-KD-MU, Doc. 19; *compare id. with* Doc. 20, PageID. 265 ("After due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) and dated July 10, 2020 is **ADOPTED** as the opinion of this Court.")).

On March 31, 2018, Thomas Randall Sawyer, Jr., was a passenger in a 2004 GMC Envoy driven by Defendant Joseph Daniel Coggin, a resident of Mobile County, Alabama, southbound on State Highway 217 in Mobile County, Alabama. Coggin's vehicle was equipped with Cooper CS4 Touring tires. As Coggin and Sawyer traveled down State Highway 217, the right rear tire tread on the vehicle's Cooper CS4 Touring tire separated suddenly and without warning which caused the vehicle to become unstable and slide to the right. Coggin "was unable to maintain control of the vehicle and, upon attempting to bring the subject vehicle back into the lane of traffic, crossed both travel lanes, struck a ditch and began to overturn, coming to a final rest on the driver's side facing north." (*Id.*). Sawyer died as a result of the injuries he sustained in the one-vehicle accident.

On March 24, 2020, Sherri Sawyer, as Personal Representative of the Estate of Thomas Randall Sawyer, Jr., filed a Complaint for Wrongful Death, under Alabama's Wrongful Death Act, against Cooper Tire, Coggin and unidentified fictitious parties in the Circuit Court of Mobile County, Alabama. Plaintiff's Complaint sets forth four causes of action against Cooper Tire and a negligence cause of action against Coggin.

121.    Plaintiff repleads paragraphs 1 through 120.

122.    According to the information contained in the police report, Defendant Joseph Daniel Coggin lost control of his vehicle during the tread separation sequence.

123.   Insofar as the police report indicates, Defendant Coggin's actions may have been an overreaction, it may be argued that he was negligent in causing the subject accident.

124.   As a direct and proximate cause of [] such negligence of Defendant Coggin, the Decedent suffered severe injuries ultimately resulting in his death.

*Sawyer v. Cooper Tire & Rubber Company,* 2020 WL 4588758, *1 (S.D.Ala. July 10,

2020) (internal citations omitted), *report and recommendation adopted,* 2020 WL

4586972 (S.D. Ala. Aug. 7, 2020).

Following remand of the action initially removed on April 22, 2020, the

depositions of Joseph ("Joe") Daniel Coggin and Sherri Sawyer were taken. Coggin was

deposed on March 10, 2021 (*see* Doc. 1-5, PageID. 72), while Sawyer was deposed on

March 15, 2021 (*see* Doc. 1-4, PageID. 58). Those depositions yielded additional

relevant facts. In 2018, the Sawyer family owned a home on Lott Road in Mobile,

Alabama and traveled from their home in Florida to spend Easter with family members

in Mobile, (*See* Doc. 1-4, PageID. 64-65). Joe Coggin and his parents also lived in a

house on Lott Road about one-quarter to one-half mile from the Sawyers' residence.

(*Id.,* PageID. 61 & 64). The day before Easter, Saturday March 31, 2018, Joe Coggin,

Tommy Sawyer, Joe's friend Amy, and Tommy's friend Natalie collectively decided to

go swimming at a lake (it had a pier and a beach area) near the Citronelle Golf Course.

(*See* Doc. 1-5, PageID. 74-76). Coggin and Amy drove Coggin's mother's vehicle to the

Sawyers' residence to pick up Tommy and Natalie. (*Compare* Doc. 1-5, PageID. 74-76

*with* Doc. 1-4, PageID. 67-69). Sheri Sawyer gave Coggin $20.00 for gas; she put the

money directly into Coggin's hands and told him it was for gas, and he thanked her for

the money. (Doc. 1-4, PageID. 68; *see also id,* PageID. 69 (when she gave Coggin the money, she believes the other kids were gathering sandwiches and drinks and placing them in the vehicle)).[1] According to Sheri Sawyer, she had a pre-existing economic relationship with Joe Coggin because Coggin drove Tommy on numerous occasions; under the arrangement, she would give Coggin money for each trip and, based on Sheri Sawyer's conversations with Coggin, she understood that the payments "were a required condition of the trip and that Thomas's receiving a ride was conditioned on these payments." (Doc. 8-1, PageID. 975 & 976).[2]

The GMC Envoy that left the Sawyers' property was occupied by four teens (Doc. 1-4*,* PageID. 66 & 68); Coggin was driving, Amy rode in the front passenger seat, and Tommy Sawyer and Natalie rode in the backseat (Doc. 1-5, PageID. 75). The teens drove directly to the lake (*see id.,* PageID. 76); they went to the lake to swim and have fun, not to work or to carry on a business arrangement (*id.,* PageID. 77). The single-vehicle accident occurred around 6:00 p.m. on the drive back from the lake to the two homes on Lott Road (*see* Doc. 1-5, PageID. 74 & 75).

Based on the deposition testimony of Coggin and Sawyer, that is, "other paper," Cooper Tire again removed Sawyer's action to this Court on March 22, 2021 (*see* Doc.

---

[1]     Coggin testified inconsistently at times about the money (*see* Doc. 1-5, PageID. 78-80) but ultimately testified he understood that Tommy [who Coggin stated took the money that Sheri Sawyer tried to give to him] intended to pay for the gas they were using that day (*see id.,* PageID. 79).

[2]     Coggin testified that Tommy or his mother would "sometimes" pitch in money for gas. (*See* Doc. 1-5, PageID. 79).

1, PageID. 2 (citing 28 U.S.C. § 1446(b)(3)[3]). Cooper Tire contends that removal is proper because this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1332 and 1441. (*See id.,* PageID. 4-9). More pointedly, Cooper Tire asserts that this Court can exercise 28 U.S.C. § 1332 diversity jurisdiction because there is complete diversity of citizenship between Plaintiff and Cooper Tire, and Coggin's Alabama citizenship should "be disregarded because he was fraudulently joined to defeat federal diversity jurisdiction." (*See id.*, PageID. 5; *see also id.,* PageID. 4 ("The testimony shows that Coggin's Alabama residency should be ignored for purposes of removal because plaintiff's sole claim against him for negligence is barred by Alabama's Guest Statute. . . . Coggin is fraudulently joined, and there is clear diversity of citizenship between the remaining parties.")). Cooper Tire's fraudulent joinder attack is now just one-pronged: that there is no "reasonable" possibility that Plaintiff "can recover against Coggin on a negligence claim under Alabama law[]" because Alabama's Guest Statute bars any negligence claim Plaintiff may have against Coggin given that Tommy Sawyer was a guest in Coggin's vehicle on March 31, 2018 when the accident occurred and the accident did not arise in the context of a "for hire" or carrier situation. (*See id.,* PageID. 5-9). Plaintiff timely filed a motion to remand (*compare* Doc. 8 *with* Doc. 9) and the parties have completed all briefing (*compare* Doc. 9 *with* Docs. 10-11).  This matter is, therefore, ripe for a decision.

---

[3]       *See id.* ("Except as provided in subsection (c), if the cases stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

## CONCLUSIONS OF LAW

A.     **Federal Jurisdiction and Removal**.

"Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted), *abrogated on other grounds as recognized in Overlook Gardens Properties, LLC v. ORIX USA, L.P.,* 927 F.3d 1194 (11th Cir. 2019); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Moreover, the removing defendant must bear "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted).  Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests

7

upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted).

Generally speaking, a defendant like Cooper Tire may remove a case from state court to federal district court if the case is a civil action over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Original jurisdiction includes diversity jurisdiction under 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). *PTA-FLA, Inc. v. ZTE USA, Inc.,* 844 F.3d 1299, 1305 (11th Cir. 2016). The parties here are completely diverse, and the amount-in-controversy requirement is satisfied. Plaintiff is a citizen of Florida, Cooper Tire is considered a citizen of Delaware and Ohio, and Coggin is a citizen of Alabama (Doc. 1, PageID. 4-5). *See Sawyer v. Cooper Tire & Rubber Company,* 2020 WL 4588758, *3 (S.D. Ala. July 10, 2020), *report and recommendation adopted,* 2020 WL 4586972 (S.D. Ala. Aug. 7, 2020). The pleadings indicate that the amount in controversy in this wrongful death case exceeds $75,000 and, again, Plaintiff makes no argument that the amount-in-controversy requirement is not met (*compare* Doc. 8 *with* Doc. 11). However, the forum-defendant rule set forth in 28 U.S.C. §1441(b) "bars removal on the basis of diversity if any 'part[y] in interest properly joined and served as [a] defendan[t] is a citizen of the State in which [the] action is brought.'" *Lincoln Property Co. v. Roche,* 546

U.S. 81, 90, 126 S.Ct. 606, 613, 163 L.Ed.2d 415 (2005), quoting 28 U.S.C. §

1441(b)(2).[4] Here, a Florida plaintiff joined an Alabamian (Coggin) as a party defendant.

To establish a basis for removal, Cooper Tire argues that Coggin was fraudulently

joined to defeat removal based on federal diversity jurisdiction. (*See* Doc. 1, PageID. 5,

citing *Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006)).

Plaintiff denies that she fraudulently joined Coggin as a defendant; thus, that issue is

joined for this Court's consideration. *See Bowman v. PHH Mortgage Corp.,* 423

F.Supp.3d 1286, 1293 (N.D. Ala. 2019), *appeal dismissed,* 2020 WL 1847512 (11th Cir.

Feb. 26, 2020).

  **B.    Fraudulent Joinder**.

  "To prove fraudulent joinder, a defendant must show by clear and convincing

evidence that 'there is no possibility the plaintiff can establish a cause of action against

the resident defendant . . ..'" *Crowe v. Synthes Spine, Inc.,* 2019 WL 246684, *2 (N.D.

Ala. Jan. 17, 2019), quoting *Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d  1278,

1281 (11th Cir. 2006) (other citation omitted); *see also Florence v. Crescent Resources,

LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007) ("[I]f there is any possibility that the state law

might impose liability on a resident defendant under the circumstances alleged in the

complaint, the federal court cannot find that joinder of the resident defendant was

fraudulent, and remand is necessary."); *Triggs, supra*, 154 F.3d at 1287 ("'If there is

even a possibility that a state court would find that the complaint states a cause of

action against any one of the resident defendants, the federal court must find that the

---

[4]       "When a defendant removes a case to federal court on diversity grounds, a court
must remand the matter back to state court if any of the properly joined parties in interest are
citizens of the state in which the suit was filed." *Henderson,* 454 F.3d at 1281 (citation omitted).

joinder was proper and remand the case to the state court.'").[5] Thus, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; [s]he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id*. (citation omitted); *see also Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper, and the case should be remanded to state court.").[6]

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties. . . . In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380 (citations omitted).

> While "the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)," the jurisdictional inquiry "must not subsume substantive determination." Over and over again, we stress that

---

[5]    The Eleventh Circuit has identified two other situations in which joinder has been deemed fraudulent. The second situation is where there is outright fraud in the pleading of jurisdictional facts by the plaintiff, *Triggs,* 154  F.3d at 1287, and the third scenario is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* Cooper Tire makes clear in its notice of removal that this cause concerns only the first type of fraudulent joinder. (Doc. 1, PageID. 5 ("A party is considered fraudulently joined when 'there is no possibility that the plaintiff would be able to establish a cause of action' against it. . . . The Eleventh Circuit has clarified that "[t]he potential for legal liability must be reasonable, not merely theoretical.'")).

[6]    Because the removing defendant must show by clear and convincing evidence that there is no possibility plaintiff can establish a cause of action against the resident defendant, *Henderson*, 454 F.3d at 1281, courts describe the burden on the removing parties to prove fraudulent joinder as a "heavy one." *Crowe, infra*, 113 F.3d at 1538 (citation omitted).

> "the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits."

*Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997) (internal citations omitted).

"In a fraudulent joinder inquiry, 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'" *Pacheco de Perez*, 139 F.3d at 1380-1381, quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also Ullah v. BAC Home Loans Servicing LP,* 538 Fed.Appx. 844, 846 (11th Cir. Aug. 16, 2013) ("The standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient: 'federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.'").

In *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329 (11th Cir. 2011), the court made clear that the fraudulent joinder standard "differs from the standard applicable to a 12(b)(6) motion to dismiss." *Id.* at 1333.

> To survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In contrast, all that is required to defeat a fraudulent joinder claim is "a possibility of stating a valid cause of action." *Triggs,* 154 F.3d at 1287.

*Id.* Indeed, the appellate court went on to stress that "[n]othing in our precedents concerning fraudulent joinder requires anything more than conclusory allegations or a certain level of factual specificity. All that is required are allegations sufficient to establish 'even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants'" *Id.* at 1334, quoting *Coker*

11

*v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983). And, finally, the *Stillwell* court reminded district courts that "[t]o determine whether it is possible that a state court would find that the complaint states a cause of action, [they] must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Id.*

       1.    **Alabama's Guest Statute.**  Cooper Tire bases the propriety of removal upon its contention that Alabama's Guest Statute, Ala.Code § 32-1-2, bars Plaintiff's negligence claim against Coggin. (*See* Doc. 1, PageID. 5-9).[7] Alabama's Guest Statute provides that:

> [t]he owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death ***of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof,*** unless such injuries or death are caused by the willful or wanton misconduct of such operator, owner, or person responsible for the operation of the motor vehicle.

Ala.Code § 32-1-2 (emphasis supplied). The pivotal inquiry for this Court, as (again) proffered by Cooper Tire, is whether the decedent, Thomas Randall Sawyer, Jr., was a "guest" of Coggin on March 31, 2018, as Alabama's statute contemplates. (*See* Doc. 1, PageID. 5-9). The statute itself does not define guest; however, the Alabama Supreme Court has provided significant guidance in this regard. *See, e.g., Hurst v. Sneed,* 229 So.3d 215, 218-219 (Ala. 2017).

> The general rule is that if the transportation of a rider confers a benefit only on the person to whom the ride is given, and no benefits other than such as are incidental to hospitality, good will or the like, on the person furnishing the transportation, the rider is a guest; but if his carriage tends

---

[7]    In this removal petition, Cooper Tire does not argue (as it previously did in its removal petition filed last year) that Plaintiff's Complaint does not state a negligence claim against Coggin. (*See* Doc. 1, PageID. 1-10).

to promote the mutual interest of both [the rider] and the driver for their common benefit, thus creating a joint business relationship between the motorist and his rider, or if the rider accompanies the driver at the instance of the driver for the purpose of having the rider render a benefit or service to the driver on a trip that is primarily for the attainment of some objective of the driver, the rider is a "passenger for hire" and not a guest.

.    .    .

The general rule . . . regarding whether a rider in a vehicle is considered a "guest" or a "passenger for hire" for purposes of the Alabama Guest Statute, has three components: (1) if the transportation of a rider confers a benefit only on the rider, and no benefits, other than such as are incidental to hospitality, good will, or the like, on the driver, the rider is a guest; (2) if the transportation tends to promote the mutual interest of both the rider and the driver for their common benefit, thus creating a joint business relationship between the motorist and his or her rider, the rider is a "passenger for hire" and not a "guest"; and (3) if the rider accompanies the driver at the instance of the driver for the purpose of having the rider confer a benefit or service to the driver on a trip the primary objective of which is to benefit the driver, the rider is a "passenger for hire" and not a "guest."

*Id.* at 218 & 219 (internal citation, quotation marks, and emphasis omitted); *see also*

*Sellers v. Sexton,* 576 So.2d 172, 174 & 174-75 (Ala. 1991) ("The general rule is that

the sharing of the cost of operating a car on a trip, when the trip is undertaken for

pleasure or social purposes and the invitation is not motivated by, or conditioned on,

such sharing, is nothing more than the exchange of social amenities and does not

transform into a passenger for hire one who, without the exchange, would be a guest.

However, where the offer of transportation is conditioned on the passenger's

contribution toward the expenses, or where it appears that the arrangement for

transportation bears one or more indicia of a business arrangement, especially where

the arrangement is specifically for transportation, or comprehends a trip of considerable

magnitude, or contemplates the repetition of more or less regular rides, the person

paying for gasoline and oil consumed or contributing toward other automobile expenses

13

is held to be a passenger for hire and not a guest. This is true even though the ultimate

purpose of the arrangement may be for pleasure. . . . Based on the rule of law stated in

these cases, we find that there is a question of fact that should be determined by the

jury. These two students were good friends who were often together in a social manner;

however, they also had an arrangement for transportation that contemplated regular

trips of considerable magnitude*.* A jury, therefore, could consider the relations between

the driver and the passenger, such as: implied and expressed arrangements made

between them as to the conduct of the particular trip, the purpose of the trip, the

benefits accruing to the driver and to the passenger from the trip, and any other factors

that bring into proper focus the true status of the driver and the passenger at the time of

the accident.").

This Court has no basis upon which to agree with the removing party that

Thomas Sawyer was a "guest" in Coggin's vehicle on March 31, 2018, thereby barring

Plaintiff's negligence claim against Coggin under Alabama's Guest Statute. *See Baker*

*v. Tri-Nations Express, Inc.,* 531  F.Supp.2d 1307, 1314 (M.D. Ala. 2008) ("No pleading

submitted by either party has revealed the purpose of the Bakers' trip, the arrangement

under which they were riding, or whether it was for mutual benefit. Although this court

makes no decision as to whether the statute applies or not, it potentially does not. This

court therefore cannot say that there is no possibility that a state court would find that

Terica has stated a negligence claim against Shameca."). To be sure, the deposition

testimony does reveal that on the date in question, the decedent, Coggin, and two other

friends decided to go swimming at a lake near a golf course in Citronelle, Alabama;

however, simply because the ultimate purpose of the trip was for pleasure does not

establish that Tommy Sawyer was a guest in Coggin's vehicle. There is, at the very least, a question of fact regarding whether the offer for transportation by Coggin was conditioned on Tommy Sawyer's contribution toward the expenses of that trip on March 31, 2018 (and other trips). After all, Sheri Sawyer testified that she put $20.00 in Joe Coggin's hands for trip expenses on March 31, 2018 and later averred in an affidavit that she had a pre-existing economic relationship with Coggin pursuant to which she would give Coggin money for each time he drove with Tommy. Sawyer understood that the payments she made to Coggin were a required condition of those trips and that her son's receipt of rides was conditioned on these payments.[8] Accordingly, it is decidedly unclear to the undersigned whether Tommy Sawyer was a guest in Joe Coggin's car on March 31, 2018, as opposed to being a passenger for hire. As a result, Cooper Tire has not shouldered its "heavy burden" of proving by clear and convincing evidence that there is no possibility that Plaintiff can establish a negligence cause of action against Coggin.[9] The Court therefore cannot find that joinder of the resident defendant was

---

[8]     This case is, factually, not at all like *Baker*. The Plaintiff in that case conceded he was a guest of the driver but that the driver was guilty of wantonness. Here, in contrast, there is a legitimate dispute whether Tommy Sawyer was a guest in Coggin's vehicle on the date in question.

[9]     Plaintiff alternatively contends that Cooper cannot meet its burden of showing that she has no possibility of recovering against Coggin based on an affirmative defense that Coggin has not pled. (*Compare* Doc. 8, PageID. 959-60 & 972 *with* Doc. 11, PageID. 989-90). In her motion to remand, Plaintiff also pointed out that "nothing in the record indicates that Coggin adopted or joined in either of Cooper Tire's Notices of Removal containing arguments asserting the Guest Statute defense." (Doc. 8, PageID. 972). Plaintiff is mistaken on the latter argument because "[a] fraudulently joined defendant need not consent to removal." *Restivo v. Bank of America Corp.,* 618 Fed.Appx. 537, 540 n.5 (11th Cir. July 8, 2015) (citations omitted). And the undersigned need not reach the former argument since the recommendation is that this case be remanded to the Mobile County Circuit Court.

fraudulent. Plaintiff's motion to remand (Doc. 8) should be **GRANTED** and this cause remanded to the Circuit Court of Mobile County.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's motion to remand (Doc. 8) be **GRANTED,** and this action **REMANDED** once again to the Circuit Court of Mobile County, Alabama.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate

Judge is not specific.

   **DONE** this the 5th day of October, 2021.

        s/P. Bradley Murray
        **UNITED STATES MAGISTRATE JUDGE**